**CAREMARK INC., a California corporation, and Caremark International Inc., a Delaware corporation, Plaintiffs,**

v.

**CORAM HEALTHCARE CORPORATION, a Delaware corporation, Defendant.**

No. 95 C 5878.

United States District Court, N.D. Illinois, Eastern Division.

April 24, 1996.

Sheldon Toby Zenner, Mary Ellen Hennessy, Sean M. Berkowitz, Katten, Muchin & Zavis, Chicago, IL, for Caremark Inc., Caremark International, Inc.

Peter C. John, Thomas L. Duston, Matthew Michael Getter, Hedlund, Hanley & John, Chicago, IL, for Coram Healthcare Corp.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On January 3, 1996, this Court issued an Order dismissing the complaint of Caremark Inc. and Caremark International Inc. (collectively "Caremark") against defendant Coram Healthcare Corporation ("Coram"). Caremark's complaint alleged that Coram had committed securities fraud when it purchased Caremark's home infusion division. Coram subsequently brought this motion seeking its attorneys' fees in defending that complaint. Coram relies on a provision of the sales contract between the two parties as support for its request. In response to Coram's motion, Caremark argues, *inter alia*, that Federal Rule of Civil Procedure 54(d)(2) does not supply me with jurisdiction to award attorneys' fees after dismissing this case. That rule provides that a request for attorneys' fees "shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." FED.R.CIV.P. 54(d)(2).

Coram argues that its attempt to recover its fees does not constitute an action for "damages," but merely one for collateral "costs." *See, e.g., S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist.*, 60 F.3d

892

305, 308 (7th Cir.) (stating that under fee-shifting statutes, prevailing parties seek attorneys' fees as costs subsequent to the judgment), *cert. denied,* —— U.S. ——, 116 S.Ct. 566, 133 L.Ed.2d 491 (1995). Caremark argues that Coram's request for fees is really one for damages because substantive contract law, rather than a fee-shifting statute, governs the issue.

The Advisory Committee Notes for provision (d)(2), added to Rule 54 in 1993, indicate that the rule "does not ... apply to fees recoverable as an element of damages, as when sought under the terms of a contract." Here, Coram is seeking its fees based on the contract between it and Caremark. Coram supplies no reason why its contractual action for attorneys' fees is different from that contemplated by the Advisory Committee. Accordingly, I do not have jurisdiction under Rule 54(d)(2) to order Caremark to pay Coram its attorneys' fees. *Cf. Cohn v. Taco Bell Corp.,* No. 92 C 5852, 1995 WL 493453, *5 (N.D.Ill. Aug. 16, 1995) (Nordberg, J.) (finding that attorneys' fees sought under similar contractual language "must be claimed in the pleading, rather than merely presented by motion fourteen days after the judgment").

Coram argues that under Caremark's theory, attorneys' fees could never be awarded when a case is decided on a motion to dismiss. While Coram's conclusion may be correct, the response is a simple one. When seeking attorneys' fees pursuant to a contractual provision, the defendant should answer the complaint and file a counterclaim seeking attorneys' fees, and then move for judgment on the pleadings under Rule 12(c). In this way, the request for attorneys' fees is made in the pleadings and the court may properly rule on it. Because Coram did not follow this procedure here, its request for fees is denied.