## ALLGOOD ELECTRIC COMPANY, Plaintiff,

v.

## MARTIN K. EBY CONSTRUCTION COMPANY, INC., Federal Insurance Company; and Fidelity & Deposit Company of Maryland, Defendants.

### No. 5:93–CV–125–1 (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

May 18, 1998.

Robert Lee Crewdson, Mr., William H. Hughes, Jr., Mr., Alston & Bird, Atlanta, GA, Charles W. Byrd, Mr., John Douglas Christy, Mr., Perry, GA, for plaintiff.

Ronald G. Robey, Mr., Atlanta, GA, for defendants.

### *ORDER*

OWENS, Senior District Judge.

Defendants Martin K. Eby Construction Co., Inc. ("Eby"), Federal Insurance Company, and Fidelity & Deposit Company of Maryland have filed a motion for an award of attorneys' fees and expenses. On May 12, 1997, the court granted defendants' motion to extend the time to file a bill of costs and a motion for award of attorneys' fees and costs until 30 days after expiration of the time for plaintiff to file a notice of appeal. Thereafter this matter was appealed, and the mandate from the Eleventh Circuit affirming the judgment in favor of defendants was filed March 27, 1998. Defendants filed the present motion on April 3, 1998.

Defendants' claim of entitlement to attorneys' fees is based on four alternative provisions of the subcontract between Eby and plaintiff Allgood Electric Company ("Allgood"). Section 26 of the subcontract, "Indemnification," states as follows:

Subcontractor [Allgood] agrees to indemnify and hold harmless the Owner and/or the Contractor [Eby] and their agents and employees from and against any and all

demands, claims, suits, causes of action, damages, losses, penalties and/or expenses including attorney fees, arising out of or resulting from Subcontractor's performance of the work.

Section 22 of the subcontract, "Liens," provides:

Subcontractor agrees to keep the Work covered by this Subcontract free and clear from all mechanics liens and Miller Act claims. In the event a mechanics lien or Miller Act claim is filed against the Contractor, the Owner and/or the premises, which in any way relates to this Subcontractor, Subcontractor agrees to defend against any such claim, lien or suit at its sole cost and expense and to indemnify and hold harmless the Contractor and the Owner from all losses, damages and expenses, including attorneys fees and other legal costs which they incur as a result of such mechanics lien or Miller Act claim.

Section 14 of the subcontract, "Payment," provides:

Subcontractor further agrees to indemnify and hold harmless the Contractor and the Owner from any and all claims, demands, suits, causes of action, damages, losses and/or expenses, including attorneys fees, which may be asserted by any suppliers, materialmen, vendors, employees or agents of the Subcontractor to whom Subcontractor has an obligation to pay.

Finally, Section 8 of the subcontract, "Job Progress and Damages," provides:

All damage, expenses, or losses, including attorneys fees or other legal costs which are sustained by the Contractor due to Subcontractor's failure to diligently prosecute the work and/or failure to complete this Subcontract in a timely manner shall be paid by the Subcontractor to the Contractor.

Neither defendants' answer to Allgood's original complaint nor their answer to Allgood's amended complaint included a claim for an award of attorneys' fees under the subcontract, an omission which Allgood contends is fatal to their claim. Both parties emphasize that this case has been pending for more than five years and has engendered two appeals. This period of time is significant to Allgood because of the ample time it provided for defendants to amend their answer or to assert a counterclaim for fees. Eby maintains that because it and its sureties have been forced for this five-year period to defend against Allgood's sizeable claims, and because O.C.G.A. § 9–15–14 is not available in this court,[1] equity demands that its claim for attorneys' fees be granted.

Federal Rule of Civil Procedure 54(d) was amended in 1993 to add paragraph (2) relating to claims for attorneys' fees. Pertinent subsections of the Rule provide:

(2) Attorneys' Fees

(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to be fees to be paid for the services for which claim is made.

Rule 54(d)(2) is clarified by the Advisory Committee Notes accompanying the 1993 Amendments to Rule 54, which provide the following guidance:

Paragraph (2). This new paragraph establishes a procedure for presenting claims for attorneys' fees, whether or not denominated as "costs." ... *As noted in subparagraph (A), it does not, however, apply to fees recoverable as an element of damages,*

---

**1.** O.C.G.A. § 9–15–14 allows an award of attorneys' fees and expenses of litigation "to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position."

*as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury.* [Emphasis added.]

Allgood opposes the claim for attorneys' fees as being one conferred by contract and therefore falling within the specific exclusion from Rule 54(d)(2)(A) of fees recoverable as an element of damages. Defendants claim that Local Rule 54.1 envisions that the prevailing party will make an appropriate request for attorneys' fees at the conclusion of the legal proceedings rather than in the filing of a compulsory counterclaim as a condition precedent to the motion. However, Local Rule 54.1 simply reflects FED.R.CIV.P. 54(d)(2)(B) in indicating the 14–day time limitation within which the motion must be filed and further specifies the information and documentation that must be included with the motion.

The cases cited by Allgood interpret contractual fee provisions such as those relied on by defendants as part of "the substantive law" that is referred to Rule 54(d)(2)(A), which provides for the recovery of such fees as damages to be proved at trial rather than submitted by motion. In *Caremark, Inc. v. Coram Healthcare Corporation*, 924 F.Supp. 891 (N.D.Ill.1996), the court issued an order dismissing Caremark's complaint against Corum for securities fraud. Relying on a provision of the sales contract between the parties, Coram brought a motion under Rule 54(d)(2) for attorneys' fees. Coram claimed that its attempt to recover fees was not an action for damages but rather one for collateral costs. *Id.* at 891. The court disagreed, holding that since Coram was unable to supply any reason why its contractual claim for attorneys' fees was different from that contemplated by the Advisory Committee, the court lacked jurisdiction to enter an award of attorneys' fees after dismissal of the case. *Id.* at 892. The *Caremark* court relied on an unpublished Northern District of Illinois case, *Cohn v. Taco Bell Corp.*, 1995 WL 493453 (N.D.Ill. Aug. 16, 1995), which found that attorneys' fees sought under a contract "must be claimed in the pleading, rather than merely presented by motion fourteen days

after the judgment." *Caremark*, 924 F.Supp. at 892, citing *Cohn*, 1995 WL 493453 at *5.

In another unpublished case, *Bruce Clarke & Good Earth Recycling, Inc. v. Mindis Metals, Inc.*, 1996 WL 616677 (6th Cir. Oct. 24, 1996), the Sixth Circuit ruled that the trial court erred in entering final judgment before the question of attorneys' fees (which were a part of the claims and counterclaims in the case) had been resolved. The court held that "the plain text of Rule 54(d)(2)(A) mandates that the procedures relating to attorney's fees in the remainder of Rule 54(d)(2) do not apply when attorney's fees are recoverable under the substantive law covering the action.... In cases where the substantive law provides for the recovery of fees as an element of damages, *for instance whenever an attorney's fee provision is contained in a contract and not a statute,* no motion need be made under Rule 54(d)(2)(A)." *Clarke*, 1996 WL 616677 at *7. (Emphasis supplied).

Defendants cite *Paliaga v. Luckenbach Steamship Company*, 301 F.2d 403 (2d Cir. 1962), for the contrary position. Plaintiff Paliaga, a longshoreman, sued defendant Luckenbach, a shipowner, for an injury caused by machinery operated by other longshoremen employed by third-party defendant, the stevedore. Defendant Luckenbach's third-party complaint against the stevedore did not explicitly include a demand for attorneys' fees. At the time of trial, attorneys for the plaintiff and for the third-party defendant agreed to settle the case for $16,000 to be paid by the third-party defendant. The court granted plaintiff's motion to dismiss plaintiff's claim against defendant shipowner. The shipowner thereupon moved that its third-party claim against the stevedore for attorneys' fees and disbursements be tried to the court.

The Second Circuit ruled that the trial court had erred in denying plaintiff's motion and refusing to proceed to trial on the limited issue of attorneys' fees and disbursements. The court found that the third-party defendant was obligated under its contract with defendant Luckenbach to indemnify Luckenbach for any loss and could not circumvent its obligation by settling directly

with plaintiff. Luckenbach's failure specifically to include in the third-party complaint a claim for attorneys' fees did not prevent recovery of such fees given the requirement of FED.R.CIV.P. 54(c) that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." *Paliaga,* 301 F.2d at 410.

The facts and procedural posture of *Paliaga* are distinguishable from the present case and, to the extent that it would appear to require a contrary result herein, *Paliaga* is unpersuasive.[2] The recent cases cited by Allgood are directly on point concerning the issue of defendants' entitlement to attorneys' fees under Rule 54(d)(2). Defendants' claim for attorneys' fees in the present case derives from the terms of the subcontract between Eby and Allgood, which is a matter of substantive law. Having failed to include a claim for attorneys' fees in their answer or by counterclaim, defendants may not present such claim by motion under Rule 54(d)(2) at the close of the proceedings. Defendants' motion is therefore **DENIED**.

---

**2.** The ruling in *Paliaga* also hinged on the appellate court's certainty that an indemnitee-indemnitor relationship existed between the defendant shipowner and the third-party defendant stevedore. *Paliaga,* 301 F.2d at 408. Although it is not necessary in the case sub judice to determine the reach of the indemnity provisions in the subcontract in order to rule on the motion for attorneys' fees, it is noted that there is a real issue as to whether the attorneys' fees provisions in the subcontract apply with respect to actions brought directly against the contractor by the subcontractor.