CAPITAL ASSET RESEARCH CORPORATION, Plaintiff-Counter-Defendant-Appellant,

v.

Roger FINNEGAN, Breen Capital Holdings, Inc., Defendants-Counter-Claimants-Appellees.

No. 99-12932.

United States Court of Appeals,

Eleventh Circuit.

June 30, 2000.

Appeal from the United States District Court for the Northern District of Georgia.(No. 96-00453-CV-GET-1), G. Ernest Tidwell, Judge.

Before ANDERSON, Chief Judge, and BLACK and HALL[*], Circuit Judges.

PER CURIAM:

Capital Asset Research Corporation ("Capital Asset") brought suit against Roger Finnegan and Breen Capital Holdings, Inc. The instant appeal is brought by Capital Asset, challenging the district court's award of attorneys' fees to Finnegan. Capital Asset makes two primary arguments on appeal: (1) that the district court lacked subject matter jurisdiction to award attorneys' fees to Finnegan; and (2) that any such award should have been denied in any event because Finnegan's motion for attorneys' fees was untimely.

BACKGROUND

The background facts and proceedings relevant to the above-mentioned issues on appeal can be stated concisely. Capital Asset asserted three claims against Finnegan: (1) a breach of contract claim asserting a breach of the Consulting Agreement; (2) a breach of contract claim asserting a breach of the Non-disclosure Agreement; and (3) a claim asserting a violation of the Georgia Trade Secrets Act. After a 1997 bench trial, the district court found in favor of Finnegan with respect to the two breach of contract claims; in other words, Finnegan successfully defended the contract claims. However, the district court found in favor of Capital Asset on its trade secrets claim. As a result of prevailing on its trade secrets claim, Capital Asset was awarded by the district court all of the relief that it could have received had it prevailed on its breach of contract

---

[*]Honorable Cynthia Holcomb Hall, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

claims. After the district court's judgment in its favor, Capital Asset moved for attorneys' fees. The district court granted same. Finnegan appealed.[1] This Court reversed both the judgment in favor of Capital Asset and its award of attorneys' fees. On remand, Finnegan moved for an award of attorneys' fees based on a contractual provision allowing attorneys' fees to the prevailing party, and the district court granted same. Capital Asset now appeals the district court's award of attorneys' fees in favor of Finnegan. We turn first to Capital Asset's argument on appeal that the district court had no subject matter jurisdiction to award fees to Finnegan.

DISCUSSION

A.　　*Subject Matter Jurisdiction*

Capital Asset argues that motions for attorneys' fees filed after judgment are usually governed by Fed.R.Civ.P. 54(d)(2),[2] but that Rule 54(d)(2) does not apply in the instant case because in the instant case "the substantive law governing the action provides for recovery of such fees as an element of damages to be proved at trial." Fed.R.Civ.P. 54(d)(2)(A). Continuing its argument, Capital Asset asserts that when substantive law (such as the contractual provision here) provides for the recovery of such fees, they must be pled and proved as damages at trial, and that the district court has no jurisdiction to entertain a plea for attorneys' fees when such a request was not made in the pleadings. In the instant case, Capital Asset argues, Finnegan made no request for attorneys' fees in its pleadings, and thus the district court had no subject matter jurisdiction to entertain Finnegan's motion for attorneys' fees.

---

[1]Actually, both Finnegan and Breen appealed, as the judgment in favor of Capital Asset was against both Finnegan and Breen. We refer only to Finnegan, however, because at the later stage after remand, *see infra,* attorneys' fees were awarded only to Finnegan, and thus Breen is not involved in this appeal.

[2]Rule 54(d)(2) provides that "Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed.R.Civ.P. 54(d)(2)(A). The Rule requires that such motions be "filed and served no later than 14 days after entry of judgment." Fed.R.Civ.P. 54(d)(2)(B).

We reject Capital Asset's jurisdictional argument. It is clear that the district court had subject matter jurisdiction of this diversity case under 28 U.S.C. § 1332. Nothing in Rule 54(d)(2) suggests that the district court in the instant case had no subject matter jurisdiction to entertain Finnegan's request for attorneys' fees. Rule 54(d)(2)(A) mandates that claims for attorneys' fees be made by a motion "unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed.R.Civ.P. 54(d)(2)(A). It is true that the Advisory Committee notes clarify that Rule 54(d)(2) is not applicable to attorneys' fees recoverable as an element of damages, and the Advisory Committee cites attorneys' fees pursuant to the terms of a contract as an example thereof. The Advisory Committee notes go on to say that such damages "typically" are to be claimed in a pleading, and may involve issues to be resolved by a jury. However, nothing in the language of the Rule itself or in the Advisory Committee notes suggests that the failure to seek attorneys' fees in a pleading is a defect depriving the district court of subject matter jurisdiction. To the contrary, the Advisory Committee notes state that such damages are "typically" to be claimed in a pleading. Moreover, a failure to plead is rarely, if ever, a jurisdictional defect. Rather, both the text of Rule 15(a) and the cases indicate that leave to amend pleadings shall be freely given when justice so requires. *See* Fed.R.Civ.P. 15(a). Indeed, even jurisdictional defects may often be cured by amendment. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

Contrary to Capital Asset's argument that the failure to plead entitlement to such fees is a defect depriving the district court of subject matter jurisdiction, Rule 54(c) expressly provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."[3]

---

[3]We note incidentally that Finnegan's pleading did seek "such other and further relief as the Court deems just and proper."

**3**

The case law also supports our conclusion that Finnegan's failure to make an explicit request for attorneys' fees in its pleadings is not a defect depriving the district court of subject matter jurisdiction. In *Engel v. Teleprompter Corp.,* 732 F.2d 1238 (5th Cir.1984), the Fifth Circuit held that it was appropriate to award attorneys' fees to a prevailing defendant despite its failure to seek attorneys' fees in its pleadings. There, the plaintiff in its pleadings had sought an award of attorneys' fees, as provided for in the relevant contract. Plaintiff prevailed in the district court. Defendant appealed and obtained a reversal. On remand, defendant for the first time moved for attorneys' fees. The Fifth Circuit held that the defendant's failure to seek attorneys' fees in its original pleadings did not bar it from seeking an award of fees upon attaining the status of prevailing party. The court held that Rule 54(c)—providing that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in its pleadings"—justified an award of fees under the circumstances despite the pleading failure. The Fifth Circuit did not expressly address an argument that there was no subject matter jurisdiction, but its exercise of jurisdiction constitutes a holding inconsistent with Capital Asset's argument in the instant case. *Accord Klarman v. Santini,* 503 F.2d 29, 36 (2d Cir.1974) (relying on Rule 54(c) and rejecting an argument that a party's failure specifically to request attorneys' fees in its pleadings is in itself a bar to recovery); *Paliaga v. Luckenbach Steamship Co.,* 301 F.2d 403, 410 (2d Cir.1962) (same); *see also Thorstenn v. Barnard,* 883 F.2d 217, 218 (3d Cir.1989) (citing Rule 54(c) and holding that a plaintiff who finally succeeded on appeal could rely on 42 U.S.C. §§ 1983 and 1988 to support an award of attorneys' fees even though plaintiff failed to rely on such statutes in the complaint in the district court).[4] For the foregoing

---

[4]Capital Asset relies upon *Allgood Electric Company v. Martin K. Eby Construction Company, Inc.,* 179 F.R.D. 646 (M.D.Ga.1998) and *Caremark Inc. v. Coram Healthcare Corporation,* 924 F.Supp. 891 (N.D.Ill.1996). In both cases, the district court declined to entertain a motion for attorneys' fees, where entitlement to fees was based on a contractual provision, because the request for attorneys' fees was made by motion and the party had failed to seek attorneys' fees in its pleadings. Both cases noted that Rule 54(d)(2)—providing that attorneys' fees should be sought by motion no later than 14 days after judgment—does not apply where, *inter alia,* the substantive law governing the action (*e.g.,* a contractual provision) provides for recovery of such fees as an element of damages. In declining to entertain a request for attorneys' fees that was not included in the pleadings, the court in *Caremark* used jurisdictional

**4**

reasons, we reject Capital Asset's argument that the district court lacked subject matter jurisdiction to entertain Finnegan's request for attorneys' fees.

B.      *Timeliness*

Having established the district court's jurisdiction and authority to award attorneys' fees notwithstanding the pleading defect, we turn to Capital Asset's argument that Finnegan's motion for attorneys' fees was untimely.  To understand Capital Asset's argument, it is appropriate to recall that Finnegan successfully defended the breach of contract claims asserted by Capital Asset during the 1997 bench trial. Finnegan's entitlement to attorneys' fees is based upon a contractual provision that provides in substance that in any lawsuit brought to enforce the contract, the prevailing party, either plaintiff or defendant, would be entitled to attorneys' fees.  The gist of Capital Asset's argument is that Finnegan had prevailed with respect to the contract claims as of the conclusion of the 1997 trial, after the district court held that Finnegan had successfully defended against Capital Asset's claims of breach of contract.  Thus, Capital Asset argues, Finnegan should have sought attorneys' fees either before the 1997 judgment or within a short time thereafter (suggesting by analogy the 14-day period indicated in Rule 54(d)(2)).  Instead, Capital Asset points out that Finnegan waited until after its successful appeal of the 1997 judgment against Finnegan on Capital Asset's

terminology—"I do not have jurisdiction under Rule 54(d)(2) to order Caremark to pay Coram its attorneys' fees." *Id.* at 892.  While *Allgood* may well have been based upon an exercise of the district court's discretion, its citation of *Caremark* with approval might be interpreted as suggesting a jurisdictional basis.  For the reasons set out in the text above, we reject as unpersuasive any implication in *Caremark* or *Allgood* that the failure to plead and prove attorneys' fees before judgment deprives a district court of subject matter jurisdiction to entertain a request for attorneys' fees after judgment.

Capital Asset also cites dicta from an unpublished opinion from the Sixth Circuit, *Clarke v. Mindis Metals, Inc.,* 99 F.3d 1138 (table), No. 95-5517 (6th Cir. Oct.24, 1996).  Capital Asset cites the jurisdictional language used by the court at *8 in the context of noting that a Rule 54(d)(2) motion was unnecessary and in referring to the *Caremark* court's holding that the district court in such a context would have no jurisdiction to hear such a motion.  We construe the Sixth Circuit as having inadvertently picked up *Caremark* 's loose jurisdictional terminology, and in any event, the cited phrase is dicta.  The *Clarke* court specifically rejected the argument that the district court had no subject matter jurisdiction.  Indeed, the jurisdictional ruling in *Clarke* is entirely consistent with our jurisdictional holding.

**5**

trade secrets claim. Capital Asset argues that Finnegan's motion for attorneys' fees on remand after its successful appeal was untimely.

We reject Capital Asset's arguments. We emphasize that an award of attorneys' fees in circumstances such as those presented in this case is a matter addressed to the broad discretion of the district court. Because most of the arguments asserted by Capital Asset on appeal were also presented to the district court, we construe the district court's award of attorneys' fees in this case as an exercise of its broad discretion. In affirming the district court's exercise of discretion in this case, we deem it significant that the parties in the instant case "agreed during the trial of this matter, and the court consented, to the bifurcation of attorneys' fees for later hearing." Dist. Ct. Order dated March 25, 1998.[5] Thus, Capital Asset's assertions of surprise and prejudice—on account of not having been forewarned of attorneys' fees by Finnegan's pleadings—ring hollow.

Even more significant is the fact that Capital Asset, as a result of prevailing at the 1997 trial on its trade secrets claim, received relief at the expense of Finnegan which amounted to all of the relief that it could have received had it prevailed on its breach of contract claims. Capital Asset conceded this fact in its brief on appeal, and also made the same representation to the district court.[6] In light of the fact that Capital Asset received all of the relief it would have received had it prevailed on the contract claims, it can hardly be said that Finnegan, although it successfully defended against recovery of such relief on the contract theories, was the prevailing party.[7] *Cf. Taylor v. City of Ft. Lauderdale,* 810 F.2d 1551, 1555-56 (11th Cir.1987) ("In order

---

[5]The district court so found in the course of awarding attorneys' fees in favor of Capital Asset after the 1997 trial. Finnegan had opposed Capital Asset's motion for attorneys' fees on the grounds that it was untimely, not having been filed within 14 days of the 1997 judgment.

[6]In seeking reimbursement of all of its attorneys' fees following the 1997 trial, plaintiff represented to the district court that "plaintiff's success on the trade secrets claim afforded plaintiff the complete relief it sought from defendants." Dist.Ct. Order dated March 25, 1998.

[7]As the Supreme Court stated in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "the most critical factor is the degree of success obtained." *Id.* at 436, 103 S.Ct. at 1941.

to qualify as a prevailing party under 42 U.S.C. § 1988, the plaintiff must be successful on the central issue in the case, exhibited by the fact that the plaintiff acquired the primary relief sought."); *Miami Herald Publishing Co. v. City of Hallandale,* 742 F.2d 590, 591 (11th Cir.1984) ("Prevailing for purposes of § 1988 is exhibited by the fact that the litigant 'has acquired the primary relief sought.' ") (quoting from *Iranian Students Association v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979)); *see also Worthington v. Lick,* 783 F.2d 1369, 1370 (9th Cir.1986) (Although the case presented several theories of recovery, and although the plaintiff prevailed on his conversion claim, the action was a single lawsuit, and the defendant "prevailed" because he was the one who received the net award and the party in whose favor judgment was rendered). In any event, it is entirely understandable that Finnegan would thus construe the matter.

The Fifth Circuit *Engel* case discussed above is also relevant to our inquiry concerning timeliness. Although the *Engel* court held that a district court has the authority to award attorneys' fees (pursuant to a contractual provision) to a prevailing defendant who has failed to plead same and who seeks same for the first time after successfully appealing a judgment in favor of plaintiff, the court also recognized potential prejudice to the opposing party, and indicated that an award in such circumstances would be discretionary. Examining the plaintiff's assertion of prejudice there, the *Engel* court acknowledged that the defendant had not sought attorneys' fees in its pleadings, but noted that the contract was in evidence and clearly provided that the prevailing party could recover attorneys' fees, that plaintiff's own application for attorneys' fees had specifically focused attention on the attorneys' fees clause, and that "[o]nly the identity of the prevailing party had to be established before that party's right to this form of relief became manifest." *Engel,* 732 F.2d at 1242.

In the instant case, the same factors are present: although Finnegan did not seek attorneys' fees in its pleadings, the contract was in evidence and expressly provided for attorneys' fees for the prevailing party, and only the identity of the prevailing party had to be established before that party's right to attorneys' fees became manifest. It is true that *Engel* is distinguishable in that the appeal in *Engel* involved the very contract

**7**

claim on which the entitlement to attorneys' fees depended.[8] On the other hand, in the instant case, Finnegan's original appeal challenged only the district court's judgment in favor of Capital Asset on the trade secrets claim. Indeed, Finnegan had successfully defended Capital Asset's claim against it based upon breach of the contract. However, the instant case is like *Engel* in that, as a practical matter, the identity of the prevailing party could not be ascertained until after the appeal. As explained above, although Finnegan had successfully defended Capital Asset's claim that Finnegan had breached the contract, Finnegan probably would not have been considered the prevailing party because Capital Asset obtained via its trade secrets claim all of the relief that it might have gotten had it succeeded on its breach of contract claim.

Under the particular circumstances of this case, we hold that the district court did not abuse its discretion in finding Finnegan's request for attorneys' fees timely, and in awarding same.

Accordingly, the judgment of the district court is

AFFIRMED.[9]

---

[8]The Advisory Committee notes to Rule 54(d)(2) state that "[a] new period for filing [i.e., a new 14-day period] will automatically begin if a new judgment is entered following reversal or remand by the appellate court." Although we suspect that the commentary was contemplating an appeal and reversal on the very issue on which entitlement to fees hinged, as in *Engel,* the common sense of the proposition lies in the fact that the identity of the prevailing party is unascertained until after the appeal.

[9]Capital Asset's other arguments on appeal—that Finnegan was not the prevailing party and that the district court abused its discretion with respect to the amount of the fees—are rejected without need for discussion. Thus, the district court's award of fees and the amount thereof are affirmed without modification. In addition, Finnegan's motion for attorneys' fees on appeal is granted as to entitlement, and that matter is remanded to the district court for a determination of amount.