In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2141

Arnold R. Rissman,

Plaintiff-Appellee,

v.

Owen Randall Rissman
and Robert Dunn Glick,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 3656--Blanche M. Manning, Judge.

Submitted September 11, 2000--Decided October 2, 2000

Before Bauer, Easterbrook, and Rovner, Circuit Judges.

Easterbrook, Circuit Judge.  Earlier this year we held that defendants Randall Rissman and Robert Glick did not defraud Arnold Rissman when Arnold sold his stock in Tiger Electronics. Rissman v. Rissman, 213 F.3d 381 (7th Cir. 2000). Arnold's claim under the federal securities laws is foreclosed, we held, by representations and warranties Arnold made as part of the sale, and all of his other theories of liability are barred by a release included in the contract. Arnold contended that the contract itself (and hence the warranties and release) is the result of duress and hence invalid, but this contention too was unsuccessful.

After prevailing in the district court, Randall and Glick sought an award of attorneys' fees under para.21 of the contract, which provides:

If any dispute among the parties hereto should result in any legal action or proceeding, the prevailing party or parties shall be reimbursed by the losing party or parties for all reasonable costs and attorneys' fees incurred in connection with such action or proceeding, including, but not limited to, attorneys' fees incurred in the course of appeal.

The district court declined to order Arnold to

pay the defendants' legal fees, giving two reasons: first, that defendants' failure to seek these fees by filing a counterclaim against Arnold deprived the district court of "jurisdiction" to award them; second, that neither Randall nor Glick is a "party" to para.21. The first ground relies heavily on Caremark, Inc. v. Coram Healthcare Corp., 924 F. Supp. 891 (N.D. Ill. 1996), and Fed. R. Civ. P. 54(d)(2)(A); the second ground relies on the fact that neither Randall nor Glick signed the full contract in his individual capacity.

Rule 52(d)(2)(A) says that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." The Committee Note to this language (which was adopted in 1993) states that attorneys' fees provided by contract usually are "an element of damages", from which Caremark concluded that they should be demanded in an appropriate pleading--a counterclaim, when the party seeking fees is the defendant. What lack of a counterclaim has to do with jurisdiction is a mystery, however. Jurisdiction in this case depends on 28 U.S.C. sec.1331, because one of Arnold's claims arose under the federal securities laws, and related state-law claims (such as a demand for attorneys' fees under para.21) are within the supplemental jurisdiction. 28 U.S.C. sec.1367. If defendants needed to file a counterclaim, then the district court had ample authority to permit its filing, see Fed. R. Civ. P. 13(f), 15(d), or to treat the issue as if it had been raised in a pleading, see Rule 15(b).

What Rule 52(d)(2)(A) requires is that a party seeking legal fees among the items of damages-- for example, fees that were incurred by the plaintiff before the litigation begins, as often happens in insurance, defamation, and malicious prosecution cases--must raise its claim in time for submission to the trier of fact, which means before the trial rather than after. Fees for work done during the case should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award. So Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268 (11th Cir. 2000), holds, in the course of disapproving Caremark. The eleventh circuit added that the proper time to seek fees is at all events unrelated to the district court's jurisdiction. We agree with Capital Asset Research Corp. and conclude that the defendants are entitled to a decision on the merits of their request for attorneys' fees.

Glick signed the contract exclusively in his capacity as trustee of the Tiger Stock Trust; he was sued exclusively in his individual capacity and therefore cannot take advantage of para.21. Randall, however, is a party to the contract. Most of the contract entails promises by and to persons other than Randall (for Arnold sold his Tiger stock to a trust for the benefit of Randall's children, rather than directly to Randall). Still, Randall made and received promises in para.8(d), which dissolves the shareholders' agreement between the brothers, and para.12, which provides for mutual releases. The district court recognized that Randall thus is a party to the contract but held that he is not a party to para.21 and therefore may not recover legal fees. This approach is puzzling; no one is separately a "party to para.21." Paragraph 21 provides reimbursement to parties injured by disputes involving other portions of the contract.

This would be clear enough if Randall had been the one to sue on released claims. Arnold would have been entitled to collect attorneys' fees under para.21 for Randall's violation of para.12, even though para.21 speaks of disputes among "the parties hereto" and Randall is not a "party to para.21." The best understanding of "parties hereto" in para.21 is that the phrase means one who is a party to the promises in the paragraph sought to be enforced. Randall made and received promises in para.8(d) and para.12; if he had broken any of these, Arnold could have recovered his costs of defense. Just so when Arnold was the one who broke his promise by suing on released claims. Arnold invites us to read para.21 with a beady eye in order to maximize the scope of the American Rule, under which parties bear their own legal expenses. But courts do not bend over backward to make it cheap for parties to renege on settlements and releases. Cf. Jannotta v. Subway Sandwich Shops, Inc., No. 99-1975 (7th Cir. Aug. 29, 2000), slip op. 5-7 (discussing the application of attorneys'-fees provisions in contracts under Illinois law). People reach settlements in large measure to buy peace. Randall has not enjoyed the repose for which he bargained in para.12, and this might have been an appropriate case for an award of legal fees independent of para.21, had Randall or Glick made such a request.

Randall is a party to para.12, the paragraph Arnold violated by suing on released claims, and thus is a "party hereto" for purposes of para.21. He is a "prevailing party" in the suit and therefore "shall be reimbursed by [Arnold] for all reasonable costs and attorneys' fees incurred in" the suit--including both appeals. The

decision of the district court is vacated, and the matter is remanded for calculation and award of Randall's "reasonable costs and attorneys' fees".