**DRYVIT SYSTEMS, INC.,**
**Plaintiff–Appellant,**

v.

**GREAT LAKES EXTERIORS,**
**INC., Defendant–Appellee.**

No. 02–2171.

United States Court of Appeals,
Sixth Circuit.

April 20, 2004.

Roger K. Timm, Brian M. Moore, Dykema Gossett, Detroit, MI, for Plaintiff–Appellant.

Edward M. Olson, Sugameli & Olson, Troy, MI, for Defendant–Appellee.

Before SILER and GILMAN, Circuit Judges; and BUNNING, District Judge.[*]

PER CURIAM.

In this Michigan diversity contract dispute, Dryvit Systems ("Dryvit") claims that Great Lakes Exteriors ("GLE") owes it attorney's fees for the loss of a previous action (*GLE I*) between them, pursuant to a "prevailing party" clause in their contract. Dryvit appeals both the district court's grant of GLE's Fed.R.Civ.P. 12(b)(6) motion, and the court's denial of Dryvit's summary judgment motion. We AFFIRM based on res judicata.

---

[*] The Honorable David L. Bunning, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## FACTUAL and PROCEDURAL BACKGROUND

Dryvit manufactures products used in exterior wall covering systems. GLE distributes these exterior wall products. They entered into a distributorship agreement in April 1993, which gave GLE exclusive distribution rights in Ohio and Michigan. GLE brought suit for breach of the contract in February 1999 (*GLE I*). The court ruled against GLE, finding that the agreement had expired on April 14, 1998, because GLE had not renewed the agreement in writing. The agreement had an attorney's fees provision in paragraph 21, which provided:

> 21. Attorneys' Fees. The prevailing party in any arbitration or other adversary proceeding involving alleged nonperformance, default or breach of this Agreement. shall be entitled to judgment from the losing party for all costs and reasonable attorneys' fees and disbursements incurred by the prevailing party in the course of all proceedings and appeals related thereto.

Dryvit sought to enforce its right to attorney's fees in this *separate* present action.

Dryvit moved for summary judgment, and GLE made a Rule 12(b)(6) motion claiming res judicata and lack of subject matter jurisdiction. The court denied Dryvit's motion but granted GLE's Rule 12(b)(6) motion because Dryvit had "failed to produce evidence" distinguishing the attorney's fees incurred defending its actions while the contract was still valid from those fees incurred defending its actions after the contract's expiration.

## DISCUSSION

GLE submits that res judicata prevents Dryvit from bringing this claim for attorney's fees because Dryvit should have brought it as a counterclaim in the original *GLE I* action.

A claim in a second action is barred by res judicata if: "(1) the first action resulted in a final judgment on the merits; (2) both actions are between the same parties; (3) the issue in the second action should have been litigated in the first action; and (4) the claim is identical in both actions." *Hatchett v. United States*, 330 F.3d 875, 886 (6th Cir.2003).

The only element in contention is whether the "issue should have been litigated" in *GLE I*. Typically, attorney's fees are collateral to the merits and awarded after judgment by Fed.R.Civ.P. 54(d)(2) motion. However, in Michigan, attorney's fees awarded by a "prevailing party" contract clause are considered damages, not costs, *Central Transport v. Fruehauf Corp.*, 139 Mich.App. 536, 362 N.W.2d 823, 829 (1985), and therefore are not collateral to the merits. Moreover, when "the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial," Rule 54 does not apply. Fed.R.Civ.P. 54(d)(2)(A); *Clarke v. Mindis Metals*, 1996 WL 616677, at *7–8 (6th Cir. Oct. 24, 1996) (unpublished). Thus, the correct procedure is to plead the attorney's fees at trial. The question becomes whether Dryvit needed to plead fees as a counterclaim or could have waited and brought a separate action.

We found no case on point.[1] Dryvit argues that the prevailing party is not determined until the final judgment, so its

1. GLE asserts that two Illinois cases find that a separate action is res judicata barred. *See Caremark v. Coram Healthcare*, 924 F.Supp. 891 (N.D.Ill.1996); *Cohn v. Taco Bell*, 1995 WL 493453 (N.D.Ill. Aug.16, 1995) (unpublished), *disagreed with by Rissman v. Rissman*, 229 F.3d 586 (7th Cir.2000). GLE is mistaken. Those cases are based on subject matter jurisdiction; res judicata never appears in the opinions.

claim could not accrue until then. In a similar vein, the attorney's fees claim might not accrue because the amount it will take to defend an action is unknown at the pleading stage.

The problem with these arguments is that they both would equally apply to plaintiffs, but the law requires them to plead or lose attorney's fees. Particularly regarding the dollar amount, the same problem occurs with regard to fees incurred on appeal, and we simply adjust the final damage award. *See Advanced Accessory Systems v. Gibbs,* 71 Fed.Appx. 454, 465 (6th Cir.2003) (unpublished) (remanding with instructions to include attorney's fees incurred on appeal in final damages calculation).

Moreover, a Michigan appeals court recently deemed a request by a *defendant* at the summary judgment stage for attorney's fees waived because the defendant did not originally plead the claim. *See Ovens, LLC v. Quality Acquisitions,* 2003 WL 22442786, at *15 (Mich.Ct.App. Oct.28, 2003) (unpublished). There, the claim accrued for a defendant before final judgment. Michigan courts would not hear these claims if they were not originally pled, and thus Dryvit is precluded from bringing its claim in this separate subsequent action.

Additionally, and maybe most damaging, GLE points out that it raised the issue of attorney's fees under the prevailing party clause in *GLE I* and Dryvit, in its answer, denied the contract clause applied. Dryvit basically asks us to ignore this mistake.

Therefore, we find that Dryvit's claim is barred by res judicata.

AFFIRMED.