**Arnold R. RISSMAN, Plaintiff–
Appellee,**

v.

**Owen Randall RISSMAN and Robert
Dunn Glick, Defendants–
Appellants.**

**No. 00–2141.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 11, 2000

Decided Oct. 2, 2000

Rehearing and Rehearing En Banc
Denied Oct. 27, 2000.

---

Stephen Novack (submitted), Novack & Macey, Chicago, IL, for plaintiff-appellee.

Richard G. Schultz (submitted), Foran & Schultz, John L. Conlon (submitted), Schwartz, Cooper, Greenberger & Krauss, Chicago, IL, for defendants-appellants.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Earlier this year we held that defendants Randall Rissman and Robert Glick did not defraud Arnold Rissman when Arnold sold his stock in Tiger Electronics. *Rissman v. Rissman*, 213 F.3d 381 (7th Cir.2000). Arnold's claim under the federal securities laws is foreclosed, we held, by representations and warranties Arnold made as part of the sale, and all of his other theories of liability are barred by a release included in the contract. Arnold contended that the contract itself (and hence the warranties and release) is the result of duress and hence invalid, but this contention too was unsuccessful.

After prevailing in the district court, Randall and Glick sought an award of attorneys' fees under ¶ 21 of the contract, which provides:

> If any dispute among the parties hereto should result in any legal action or proceeding, the prevailing party or parties shall be reimbursed by the losing party or parties for all reasonable costs and attorneys' fees incurred in connection with such action or proceeding, including, but not limited to, attorneys' fees incurred in the course of appeal.

The district court declined to order Arnold to pay the defendants' legal fees, giving two reasons: first, that defendants' failure to seek these fees by filing a counterclaim against Arnold deprived the district court of "jurisdiction" to award them; second, that neither Randall nor Glick is a "party" to ¶ 21. The first ground relies heavily on *Caremark, Inc. v. Coram Healthcare Corp.*, 924 F.Supp. 891 (N.D.Ill.1996), and Fed.R.Civ.P. 54(d)(2)(A); the second ground relies on the fact that neither Randall nor Glick signed the full contract in his individual capacity.

Rule 54(d)(2)(A) says that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." The Committee Note to this lan-

guage (which was adopted in 1993) states that attorneys' fees provided by contract usually are "an element of damages", from which *Caremark* concluded that they should be demanded in an appropriate pleading—a counterclaim, when the party seeking fees is the defendant. What lack of a counterclaim has to do with jurisdiction is a mystery, however. Jurisdiction in this case depends on 28 U.S.C. § 1331, because one of Arnold's claims arose under the federal securities laws, and related state-law claims (such as a demand for attorneys' fees under ¶ 21) are within the supplemental jurisdiction. 28 U.S.C. § 1367. If defendants needed to file a counterclaim, then the district court had ample authority to permit its filing, see Fed.R.Civ.P. 13(f), 15(d), or to treat the issue as if it had been raised in a pleading, see Rule 15(b).

What Rule 54(d)(2)(A) requires is that a party seeking legal fees among the items of damages—for example, fees that were incurred by the plaintiff before the litigation begins, as often happens in insurance, defamation, and malicious prosecution cases—must raise its claim in time for submission to the trier of fact, which means before the trial rather than after. Fees for work done during the case should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award. So *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268 (11th Cir.2000), holds, in the course of disapproving *Caremark*. The eleventh circuit added that the proper time to seek fees is at all events unrelated to the district court's jurisdiction. We agree with *Capital Asset Research Corp.* and conclude that the defendants are entitled to a decision on the merits of their request for attorneys' fees.

▆▆▆ Glick signed the contract exclusively in his capacity as trustee of the Tiger Stock Trust; he was sued exclusively in his individual capacity and therefore cannot take advantage of ¶ 21. Randall, however, is a party to the contract. Most of the contract entails promises by and to persons other than Randall (for Arnold sold his Tiger stock to a trust for the benefit of Randall's children, rather than directly to Randall). Still, Randall made and received promises in ¶ 8(d), which dissolves the shareholders' agreement between the brothers, and ¶ 12, which provides for mutual releases. The district court recognized that Randall thus is a party *to the contract* but held that he is not a party *to* ¶ 21 and therefore may not recover legal fees. This approach is puzzling; no one is separately a "party to ¶ 21." Paragraph 21 provides reimbursement to parties injured by disputes involving *other* portions of the contract.

This would be clear enough if Randall had been the one to sue on released claims. Arnold would have been entitled to collect attorneys' fees under ¶ 21 for Randall's violation of ¶ 12, even though ¶ 21 speaks of disputes among "the parties hereto" and Randall is not a "party to ¶ 21." The best understanding of "parties hereto" in ¶ 21 is that the phrase means one who is a party to the promises in the paragraph sought to be enforced. Randall made and received promises in ¶ 8(d) and ¶ 12; if he had broken any of these, Arnold could have recovered his costs of defense. Just so when Arnold was the one who broke his promise by suing on released claims. Arnold invites us to read ¶ 21 with a beady eye in order to maximize the scope of the American Rule, under which parties bear their own legal expenses. But courts do not bend over backward to make it cheap for parties to renege on settlements and releases. Cf. *Jannotta v. Subway Sandwich Shops, Inc.*, 225 F.3d 815, 818–19 (7th Cir.2000), (discussing the application of attorneys'-fees provisions in contracts under Illinois law). People reach settlements in large measure to buy peace. Randall has not enjoyed the repose for which he bargained in ¶ 12, and this might have been an appropriate case for an award of legal fees independent of ¶ 21, had Randall or Glick made such a request.

Randall is a party to ¶ 12, the paragraph Arnold violated by suing on released claims, and thus is a "party hereto" for purposes of ¶ 21. He is a "prevailing party" in the suit and therefore "shall be reimbursed by [Arnold] for all reasonable costs and attorneys' fees incurred in" the suit—including both appeals. The decision of the district court is vacated, and the matter is remanded for calculation and award of Randall's "reasonable costs and attorneys' fees".