# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-3951

_____

Lewis Wiley,                                    *
                                                *
      Plaintiff-Appellee,               *
                                                *
 v.                                             *
                                                *
Jerry W. Mitchell,                              *
                                                *
      Defendant-Appellant.              *
                                                *
------------------------                        *
                                                *
Jerry W. Mitchell,                              *
                                                *
      Third Party Plaintiff-Appellant,  *   Appeal from the United States
                                                *   District Court for the
 v.                                             *   Western District of Missouri.
                                                *
Kevin Cook; John R. Block; Timothy              *        [UNPUBLISHED]
Wilson; Eric Lee Hansen; M. Bruce               *
McKittrick; Barry Lynn Davis; Phillip           *
J. Brummel; Alan D. Barnes; Mark                *
James Van Dyke; Douglas M. Gaston;              *
Edward Stacy Crumm; Charles L.                  *
Kopel; Larry E. Rieder; Kathy Berry             *
Laursen; Charles A. Wells; Daniel F.            *
Beattie; Michael E. Cunningham; James           *
M. Sneed; William S. Sinderson;                 *
Richard L. Jungck; David L.                     *
Morgenson; Thomas L. McKittrick;                *

Robert Alan Pearson,                           *
                                               *
    Third Party Defendants-Appellees.       *
                                               *
------------------------                       *
                                               *
Jerry W. Mitchell;                             *
                                               *
       Counter Claimant-Appellant,      *
                                               *
Henry Lewis Wiley;                             *
                                               *
       Counter Defendant-Appellee,      *
                                               *
Roark Properties, Inc.;                        *
                                               *
       Cross Claimant,                  *
                                               *
Morris & Associates, Inc.;                     *
                                               *
       Cross Defendant,                 *
                                               *
Jerry Mitchell;                                *
                                               *
       Third Party Plaintiff-Appellant, *
                                               *
  v.                                           *
                                               *
Kathleen R. Wilson; Mid-West                   *
Commercial Properties, Inc.; Canyon            *
City Realty, Co.; Roark Properties, Inc.;      *
Morris & Associates, Inc., predecessor         *
in interest to Roark Creek Quarry Co.;         *
                                               *
       Third Party Defendants,          *
                                               *
Alan D. Barnes; Glen C. Barnett;               *

Daniel F. Beattie; L. Douglas Bennett;   *
Dickie R. Black; Dean J. Boosalis;   *
Leslie E. Borowsky; Ronald C.   *
Bradley; Judy A. Breeding; James E.   *
Brown; Stanley K. Brownlee; Phillip J.   *
Brummel; Darryl E. Bueker; Steven M.   *
Bullard; Michael W. Burlew; Richard   *
A. Callahan; Spencer A. Coates; Kevin   *
Cook; John R. Cooper; Edward S.   *
Crumm; L. Dean Davenport; Barry L.   *
Davis; W. Michael Davis; Bill W.   *
Dickerson; Patrick S. Donehue;   *
Leonard T. Eschbach; Mark A.   *
Feldman; William E. Fingland, Jr.;   *
Lawrence A. Fogel; Gary L. Frala;   *
W. Thomas Frogge; Gary V. Garwitz;   *
Douglas M. Gaston; Francis T.   *
Godfrey; John D. Grider; Kimberly S.   *
Hamm; Eric Lee Hansen; John M.   *
Harris; David A. Hayob; Daniel R.   *
Hayworth; Mark R. Heintz; David R.   *
Henderson; Billy E. Hixon; David P.   *
Hostetler; Derek D. Hunter; Donald D.   *
Hutson, Jr.; Jerald L. Isaacs; Richard L.   *
Jungck; Christine M. Keefe; Ann M.   *
King; William M. King; William E.   *
Kirkman; Donald L. Klug; Chuck L.   *
Kopel; Kathy Berry Laursen; Andrew   *
V. Lear; Tamara D. Lourie; William E.   *
Magee; Robert L. Mandel; Stanley E.   *
Martin; Kenneth F. Marx; Deborah A.   *
McCoy; Brian J. McGuire; Jane C.   *
McHugh; Bruce McKittrick; Michael   *
J. McLaughlin; David F. Mersman;   *
David L. Morgenson; Eugene A.   *
Morgenthaler, Jr.; M. Jane Morrison;   *
George E. Moschner; Robert K.   *

Muehling; Richard Oler; Dennis R.  \*
Peare; Robert A. Pearson; William A.  \*
Pickert; Donald A. Pritchard; Steven B.  \*
Rafferty; Daniel W. Randall; Joe B.  \*
Ratliff; Terry E. Reeves; Larry E.  \*
Rieder; Charles L. Rodgers; John R.  \*
Rowland; James A. Schaefer; Michael  \*
B. Schnake; Gregory J. Seiwert; Jimmie  \*
L. Shannon; John J. Sheehan; William  \*
S. Sinderson; Brenda J. Smith; Joe T.  \*
Smith; Randall H. Smith; James Sneed;  \*
Neal D. Spencer; Dennis C. Stara;  \*
Daniel R. Stengel; F. Kirkwood Stone;  \*
Harold W. Stone; Dale J. Tagge;  \*
Douglas E. Tye; James Van Dyke;  \*
Larry D. Van Horn; John E.  \*
Wanamaker; Steven D. Warren; Roger  \*
J. Watton; Charles A. Wells, Jr.;  \*
William L. Wessels; Mark B. West;  \*
James E. White; L. Duane Wilson;  \*
Timothy Wilson; Timothy P. Wolters;  \*
Dennis L. Wood; Gary L. Wortham;  \*
Barbara S. Yates; Robert L. Coats;  \*
Harold E. Wills;  \*
 \*
    Third Party Defendants-Appellees,  \*
 \*
Jerry Mitchell;  \*
 \*
    Counter Claimant-Appellant,  \*
 \*
  v.  \*
 \*
Henry Lewis Wiley;  \*
 \*
    Counter Defendant-Appellee,  \*
 \*

-4-

Hearld R. Ambler; D. Bruce Andrews;     *
Albert A. Armstrong, Jr.; Joe M.     *
Barron;     *
    *
      Third Party Defendants-Appellees,     *
    *
Reinhardt, Reinhardt Beckmeyer Trust;     *
    *
      Third Party Defendant,     *
    *
Jack L. Bottoms; Virgil Bracken,     *
Trustee; G. Lee Brady; Gary L. Brown;     *
Earl T. Burger; Kathryn A. Charles,     *
Trustee; Donald L. Clarkson; Joseph A.     *
Cook, II; David C. Cribari; Thomas C.     *
Cusack; Rosemary O. Danielson;     *
Robert J. Davis; Patricia J. Day-     *
Bujarski; Douglas D. Day; Daryl W.     *
Deel; Richard E. Donaldson; Nile W.     *
Farnsworth; Roger D. Farrow; Gerald     *
W. Frasier; James O. Glauser; Gary D.     *
Gordon; Gerald S. Grant; Larry G.     *
Grinstead; Janice C. Groves; Thomas     *
O. Howell; Howard D. Hull; Hal L.     *
Hulsey; Andrew R. Keethler, Jr.; Carl     *
N. Kelley; Sharie L. Knapp, Successor;     *
Steve J. Koelkebeck; Dennis M.     *
Kortman; J. Fred Kubik; William E.     *
Kuehn; Albert Kushinsky; Joe C.     *
Lambiotte; Keith R. Landwehr; Louis     *
B. Loebner; E. Jayne MacPhee; James     *
L. Martin; William R. McCullough;     *
James E. Madigan; Cleve J. McDonald,     *
Jr.; Thomas L. McKittrick; Terence G.     *
Merrigan; Timothy W. Mitchell; Ann E. *
Moore; Corwin D. Moore; Naomi J.     *
Morrison; Leonard F. Murphy; Sam F.     *

Muskrat; Jerry R. Neill; Vernon R.     *
Nygren; Gary K. Obermueller; James  *
R. Osborn; Leslie A. Patten; Harry C.  *
Peart; James B. Porter, Jr.; Charles V.  *
Rees; Edward A. Reinerio; Paul W.    *
Reinsch, Sr.; K. Scott Sallee; Richard  *
D. Scott; Rondal B. Shrewsbury;     *
Wayne A. Starr; A. Marvin Strait;    *
Charles L. Stromberg; Kenneth W.   *
Theis; Jack E. Thurman; Harlan Tiffee, *
Jr.; Bernard D. Urich; Wayne R.     *
Valentine; Mel J. Volmert; Thomas J.  *
Vrana; Henry L. Wiley; Marc L.     *
Williams; Michael P. Wright; Barbara  *
S. Yates,                        *
                                 *

   Third Party Defendants-Appellees.  *

_____

Submitted: June 10, 2004
Filed: July 29, 2004

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this diversity action, Jerry Mitchell appeals from four of the district court's[1] orders granting summary judgment in favor of, as relevant to this appeal, H. Lewis Wiley, Kathleen Wilson, Canyon City Realty Co. ("Canyon City"), Midwest Commercial Properties ("Midwest"), and the partners in the accounting firm Baird, Kurtz & Dobson ("BKD Partners"). We affirm.

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

## I.

Our standard of review is *de novo*, and we consider the facts in the light most favorable to Mitchell, the non-moving party. See Hughes v. Wheeler, 364 F.3d 920, 921 (8th Cir. 2004). This appeal arises out of a settlement agreement entered into between Mitchell and Wiley in April of 1995, relating to 600 acres of property near Branson, Missouri, which Wiley and Wilson allegedly conspired to divest Mitchell of by fraud. Two versions of the settlement agreement exist, but under either version Mitchell agreed to release all claims he had against Wiley, Canyon City, Midwest, the BKD Partners, and others in return for payments and other consideration. Both versions of the agreement contain a confidentiality provision, but before signing the agreement, Wiley disclosed the terms to Wilson.

Wiley made the payments required by the agreement, but prior to his making the final payment, Wilson obtained a prejudgment writ of attachment on a portion of the payment. Mitchell learned of the writ of attachment on May 30, 1997, and also learned that Roark Properties, Inc. ("Roark") would be paying the balance of the final payment pursuant to a separate agreement with Wiley. On June 2, 1997, Mitchell threatened to proceed with his original causes of action if Wiley did not pay the full amount of the final payment.

Mitchell received a check from Roark on June 2, 1997, for the balance of the final payment, and another check around June 5, 1997, for the final interest payment due under the settlement agreement. Mitchell subsequently requested that Roark issue him one check in place of the two he had received and omit the "Paid in Full" designation that had appeared on the checks. Roark complied with Mitchell's request and sent him one check on June 17, 1997. Mitchell endorsed and deposited this check on June 20, 1997.

On June 11, 1997, Wiley filed a declaratory judgment action seeking to have the court declare that he had fully performed his obligations under the terms of the settlement agreement. Mitchell filed a counterclaim and third-party complaint against Wiley and numerous other defendants, claiming he was entitled to rescind the settlement agreement and asserting claims of, *inter alia*, fraud, professional negligence, and negligent misrepresentation. Many of Mitchell's claims were ones that had been released in the settlement agreement. The district court either dismissed or granted summary judgment in favor of all the defendants in a series of orders.

## II.

Mitchell's first argument on appeal relates to the district court's ruling that Mitchell was estopped from pursuing the claims he had released in the settlement agreement because he had waived any right to rescind the agreement and failed to comply with the general rules regarding rescission. We find no error in the district court's ruling.

A person may waive the right to rescind a contract by manifesting an intent to affirm it or acting in a manner inconsistent with rescission or disaffirmance. See Silver Dollar City, Inc. v. Kitsmiller Constr. Co., 931 S.W.2d 909, 916-17 (Mo. Ct. App. 1996). Mitchell knew the facts which formed the basis of his right to rescind the settlement agreement before he received the final payment from Roark. Nonetheless, he negotiated with Roark to have a single check reissued for the final payment and accepted the final payment from Roark by endorsing and depositing the check. We agree with the district court that Mitchell's actions were inconsistent with an intent to rescind or disaffirm the settlement agreement and amounted to a waiver of his right to rescind. See id. Mitchell does not challenge this portion of the district court's ruling, and we affirm on this basis. As a result, we need not address Mitchell's other arguments that he was excused from complying with the general rules regarding rescission.

Mitchell next argues the district court erred in granting summary judgment on his claims of fraud and constructive fraud in connection with three promissory notes executed in favor of Wilson. The district court concluded Mitchell did not plead the claims with the requisite particularity. See Fed. R. Civ. P. 9(b). We again find no error in the district court's ruling.

To meet the requirements of Rule 9(b), a pleading must include "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Prop. Invs., Inc. v. Quality Inn Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995). We agree with the district court that the allegations in Mitchell's Third Amended Counterclaim and Third-Party Complaint fail to fulfill the requirements of Rule 9(b). Rather than setting forth the specific circumstances constituting fraud, Mitchell makes only vague allegations that fail to specify what representations were made to him, who made the representations, and when and where the representations were made. Mitchell had several opportunities to amend his pleadings to meet the requirements of Rule 9(b), but he failed to take advantage of them and merely continued to repeat the same allegations in each of his amended counterclaims and third-party complaints. The district court thus correctly granted summary judgment in favor of the defendants on Mitchell's fraud and constructive fraud claims.

Mitchell's final argument on appeal challenges the district court's award of attorneys' fees to Wiley, Canyon City, and Midwest pursuant to Fed. R. Civ. P. 54(d)(2). Rule 54(d)(2)(A) states that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Mitchell argues Rule 54(d)(2) does not apply because the attorneys' fees in this case were sought pursuant to a provision in the settlement agreement and,

as a result, were an element of damages to be proved at trial. Because this issue involves the interpretation of the Federal Rules of Civil Procedure, our review is *de novo*. See Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co., 195 F.3d 368, 374 (8th Cir. 1999).

To support his argument, Mitchell relies on an Advisory Committee Note to Rule 54(d)(2)(A), which states that the rule is not applicable to attorneys' fees recoverable as an element of damages, such as those sought under the terms of a contract, and a few decisions from outside this circuit, most of them unpublished, which generally stand for the proposition that attorneys' fees recoverable pursuant to the terms of a contract are governed by the substantive law and fall outside the parameters of Rule 54(d)(2)(A). See Clarke v. Mindis Metals, Inc., 99 F.3d 1138 (table), No. 95-5517, 1996 WL 616677 (6th Cir. Oct. 24, 1996) (unpublished); Caremark Inc. v. Coram Healthcare Corp., 924 F.Supp. 891, 892 (N.D. Ill. 1996) (holding that the court was without jurisdiction under Rule 54(d)(2) to award attorneys' fees under a contract where the request for attorneys' fees was made by motion and had not been sought in the pleadings). We are not persuaded by Mitchell's authorities. Instead, we conclude the district court correctly relied on Rissman v. Rissman, 229 F.3d 586 (7th Cir. 2000), in awarding attorneys' fees to Wiley, Canyon City, and Midwest.

In Rissman, the prevailing defendants sought an award of attorneys' fees under a contractual provision entitling a prevailing party to reasonable costs and attorneys' fees. Id. at 587. The district court declined to award attorneys' fees based, in part, on its belief that it had no "jurisdiction" to award them because the defendants failed to seek the fees in a counterclaim. Id. The Seventh Circuit reversed, concluding that under Rule 54(d)(2)(A), "a party seeking legal fees among the items of damages[,] for example, fees that were incurred by the plaintiff before the litigation begins," must raise its claim before trial, *i.e.*, in a pleading. Id. at 588. However "[f]ees for work done during the case should be sought after decision, when the prevailing party has

-10-

been identified and it is possible to quantify the award." <u>Id.</u>; <u>see also</u> <u>Capital Asset Research Corp. v. Finnegan</u>, 216 F.3d 1268, 1270-71 (11th Cir. 2000).

In the instant case, we do not believe attorneys' fees were an item of damages to be proved at trial. Rather, under either version of the settlement agreement, the prevailing party in any dispute or controversy arising out of the agreement was entitled to recover reasonable attorneys' fees. As a result, an award of attorneys' fees was an issue to be decided at the conclusion of the action when the prevailing party had been identified. <u>See</u> <u>E. Trading Co. v. Refco, Inc.</u>, 229 F.3d 617, 626-27 (7th Cir. 2000). Although this circuit has not spoken directly on this issue, we have upheld attorneys' fees sought at the conclusion of a trial and awarded on the basis of Rule 54(d) and a contractual provision allowing a prevailing party to recover reasonable attorneys' fees. <u>See</u> <u>Computrol, Inc. v. Newtrend, L.P.</u>, 203 F.3d 1064, 1071-72 (8th Cir. 2000). We therefore conclude the district court correctly considered and granted the Rule 54(d)(2)(A) motion for attorneys' fees in this case. We reject Mitchell's other arguments in this regard.

III.

The judgment of the district court is affirmed.

_____

-11-