In the

# United States Court of Appeals
## For the Seventh Circuit

No. 11-2261

MORAD ELUSTA,

*Plaintiff-Appellant*,

*v.*

CITY OF CHICAGO, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 C 4264—**Amy J. St. Eve**, *Judge.*

ARGUED APRIL 11, 2012—DECIDED SEPTEMBER 4, 2012

Before WOOD, WILLIAMS, and TINDER, *Circuit Judges.*

WOOD, *Circuit Judge.* This is a case about attorney's fees.[1] But it is not the typical attorney's fees case in which

---

[1] For an entertaining meditation on the proper spelling of "attorney's fees," see *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 253 n.1 (6th Cir. 1997) ("Should we refer to 'attorney fees,' 'attorneys fees,' 'attorney's fees,' or 'attorneys' fees?' In federal statutes, rules and cases, we find these forms used interchangeably, nay, promiscuously.

(continued...)

an attorney seeks review of a court's award, perhaps arguing about an improperly calculated lodestar. Instead here, a client—Morad Elusta—seeks to compel two of his former attorneys, Zane Smith and Shelia Genson, to turn over some of the fee award to him. Smith and Genson represented Elusta in a civil rights suit against the City of Chicago, in which he won a $40,000 judgment. Pursuant to 42 U.S.C. § 1988, the court then awarded Elusta $82,696.50 for his attorney's fees, which the City has since paid to Smith and Genson.

In addition, the court entertained fee claims from two more of Elusta's former attorneys, David Cerda and John De Leon, who represented Elusta in the same matter before Smith and Genson took over. The district court determined that although Cerda and De Leon could not assert an attorney's lien on Elusta's judgment, Elusta should still pay them $15,000 in *quantum meruit* for their services. Elusta now insists that the City of Chicago, not he, should pay the *quantum meruit* award, and on top of that, he is entitled to retain 60% of the amount awarded for the attorneys. Like the district court, we find these arguments to be entirely without merit. We thus affirm.

---

[1] (...continued)
There is sometimes no consistency within even the same body of law."). In this decision, we will follow the text of 42 U.S.C. § 1988 and refer to the awards at issue as "attorney's fees," even though of course we recognize that more than one attorney stands to benefit from the fees in this case.

**I**

In the underlying case, Elusta sued the City of Chicago and several of its police officers for excessive force, false arrest, and intentional infliction of emotional distress that he suffered in conjunction with their search of his home and his subsequent arrest. He first retained Cerda and De Leon to bring these claims. Cerda and De Leon conducted discovery and obtained a settlement offer of $100,000 from the City of Chicago. But Elusta rejected this offer, apparently because he was upset that his retainer agreement with Cerda and De Leon contained a 40% contingent fee provision. Although the parties attempted mediation to resolve the dispute over the fee arrangement, the district court eventually permitted Cerda and De Leon to withdraw from the case.

Elusta had difficulty finding new attorneys to represent him, but he ultimately retained Smith and Genson. They took the case to trial before a jury, which found in Elusta's favor on two of the counts (excessive force and intentional infliction of emotional distress) and awarded him a total of $40,000. Smith and Genson then petitioned the court for attorney's fees on behalf of Elusta pursuant to 42 U.S.C. § 1988. Before the court could rule on the petition, Elusta retained a third set of attorneys—Donald Johnson and Joseph Gentleman—to litigate the fee issue. Johnson and Gentleman filed a motion seeking to direct payment of some of the fees to Elusta, rather than to Smith and Genson. The court dismissed that motion as premature, as it had not yet ruled on the fee petition.

Smith and Genson's petition languished for nearly 16 months without a ruling. At that point, Cerda and De Leon filed their own motion for fees, asserting an attorney's lien on the judgment or in the alternative, a right to recover the value of their work under *quantum meruit*.

On December 13, 2010, the district court resolved the various fee motions. It granted Smith and Genson's request that it award $82,696.50 in fees pursuant to § 1988. Cerda and De Leon, it concluded, had not complied with Illinois state law requirements to perfect an attorneys' lien, but the court decided that they could recover $15,000 in *quantum meruit*. Elusta then refiled his motion seeking to have 60% of both amounts paid to him directly by the City of Chicago, with the remainder going to the attorneys. The district court denied Elusta's motion, thereby concluding its work on the fee issues, and Elusta now appeals.

## II

We begin with Elusta's assertion that he has a right to a portion of the fees awarded to Smith and Genson. It is well established that statutory attorney's fees are awarded to a prevailing party, but that the party is free to waive or negotiate her right to the fees in her contract with counsel. *Venegas v. Mitchell*, 495 U.S. 82, 87-90 (1990). We thus must look to Elusta's retainer agreement with Smith and Genson to see if that agreement supports Elusta. Interpretation of this contract raises questions of law that we review *de novo*. *Thomas v.*

*General Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002).

The pertinent language in the agreement is the following:

> [T]he Client(s) acknowledges his/her understanding of and consent to the fact that [Genson and Smith] will divide the attorney's fees recovered in the Client(s)'s claim.

Elusta argues that the phrase "the attorney's fees" does not clearly cover all of the attorney's fees. (This reminds us of Humpty Dumpty's comment about meaning in *Through the Looking-Glass*, but we will let that pass.) Elusta believes that other language in the agreement—namely, the contingent provision—controls the amount of attorney's fees that are available for Smith and Genson to divide between themselves. He is referring to the language providing that the client (Elusta) would pay his attorneys "[a] sum equal to 40% of the gross amount recovered from the claim by settlement or Judgment." Elusta thinks that the attorney's fee award is part of the amount recovered "by settlement or Judgment." He then concludes that he is entitled to 60% of the fee award and that Smith and Genson collectively receive the remaining 40%, to divide as they wish.

The contract cannot bear Elusta's interpretation. What it does, in effect, is to say that counsel is entitled to receive 40% of any damages (the contingent fee); if fees are awarded to Elusta pursuant to § 1988, the attorneys receive all of that award. The language that the attorneys "will divide the attorney's fees recovered" unambiguously covers all of the attorney's fees recov-

ered. To come out Elusta's way, the agreement would have to be reworded to say something like "the attorneys will divide their portion of the attorney's fees recovered." The contingent fee provision plainly does not have anything to say about statutory fees. The contract awards 60% of a "settlement or Judgment" to Elusta, not "fees." Elusta argues that the contract's use of the term "Judgment" must also encompass "fees," but he cannot support this idiosyncratic view. The contract distinguishes between judgments and fees in the two clauses quoted above, and that distinction is almost universal in the case law. See, *e.g.*, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988) (attorney's fees are "not generally treated as part of the merits judgment"). We thus agree with the district court that Elusta is not entitled to any of the $82,696.50 fee award that the City of Chicago paid to Smith and Genson.

### III

Elusta's argument with respect to the $15,000 awarded to Cerda and De Leon in *quantum meruit* presents an additional difficulty, because there is a threshold question whether the district court had jurisdiction to consider this claim in the first place. The district court believed that it had supplemental jurisdiction over this state-law matter because Cerda and De Leon's claims for fees were intimately related to the underlying litigation.

In our view, the court correctly concluded that it could exercise jurisdiction over this part of the dispute. Attorney's fee disputes are closely enough related to

the underlying litigation to be the basis for supple-mental jurisdiction, even if other attorney-client disputes, such as malpractice actions, are not. See *Abbott Laboratories v. CVS Pharmacy, Inc.*, 290 F.3d 854, 858 (7th Cir. 2002) (recognizing that "supplemental jurisdiction has been capacious enough to include claims by or against third parties" such as claims about attorney's fees); *Clarion Corp. v. American Home Products Corp.*, 464 F.2d 444, 445 (7th Cir. 1972) ("There is no question . . . that a Federal District Court may adjudicate the attorney's fee ques-tion pursuant to the lien created by [a state] statute; the theory being that if the original action has a proper basis for Federal jurisdiction then any recovery achieved by that suit creates an attachable interest upon which the attorney may assert his claim for fees."). In *Matthews v. Homecomings Fin. Network, Inc.*, 264 F. App'x 536, 537-38 (7th Cir. 2008), a nonprecedential disposition, we noted that "because of a high degree of relatedness, supplemental jurisdiction extends to suits over attorney's fees for work in underlying litigation that is already within the court's jurisdiction." The court in *Matthews*, as here, entertained the adjudication of a state law attorney's lien and an alternative argument for recovery in *quantum meruit*. *Id.* at 539.

We thus turn to the merits of Elusta's argument that he should share in the *quantum meruit* award. It fails for much the same reason that sank his claim to part of the Smith and Genson award. Elusta points to a similar contingent fee clause in his agreement with Cerda and De Leon and argues that this means he should keep 60% of the $15,000. We agree with the district court that this

argument "defies logic." The purpose of *quantum meruit* is to prevent unjust enrichment. *In re Estate of Callahan*, 578 N.E.2d 985, 988 (Ill. 1991). The court awarded $15,000 to Cerda and De Leon precisely because it concluded that it would be unjust for Elusta to keep that money after he had received the benefits of Cerda and De Leon's services. Elusta is thus, by definition, not entitled to keep any of it. See *Much Shelist Freed Denenberg & Ament, P.C. v. Lison*, 696 N.E.2d 1196, 1199 (Ill. App. Ct. 1998) ("In *quantum meruit* recovery, the former client is liable for the reasonable value of the services received during the attorney's employment.").

The same principle also dooms Elusta's argument that the City of Chicago should be on the hook for the $15,000. The entire purpose of the *quantum meruit* claim is to disgorge wrongfully retained money from the party who received the benefit of the work—that is, the "former client," Elusta. It is not a statutory attorney's fee to be paid by the City of Chicago.

## IV

We finally address the motion brought by Smith and Genson during this appeal for sanctions against Elusta's current attorneys, Johnson and Gentleman. Smith and Genson argue that these attorneys should be sanctioned because "the Order that they appeal from [the denial of the motion to direct payment of fees] is not an appealable Order." In Smith and Genson's view, "the final Order was entered on October 16, 2008, rendering the June 3, 2011 Appeal untimely."

It is hard to know what to make of this argument. It is true that judgment in the underlying case was entered in 2008, but the district court had not yet received the attorneys' petitions for fees. The district court ruled on the fee motions on December 13, 2010. Elusta then filed a motion to direct payment on December 23, 2010, which the district court denied on May 4, 2011. Elusta next timely filed a notice of appeal, on June 2, 2011. Smith and Genson read *Budinich*, 486 U.S. at 199-200, as supporting the argument that the June 2011 appeal was untimely because Elusta should have appealed in 2008. But *Budinich* merely holds that a plaintiff may appeal a judgment on the merits when the merits are decided, even though later proceedings may still take place to determine fees. *Budinich* has nothing to say about this case: Elusta could obviously not appeal the denial of a motion to direct payment of fees before the fees had even been sought or awarded. Smith and Genson's argument otherwise is itself frivolous, and we therefore decline their request for sanctions.

\* \* \*

We AFFIRM the decision of the district court denying Elusta's motion to direct payment of the fee awards, and DENY Smith and Genson's motion for sanctions.