**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted January 17, 2014[*]

Decided January 24, 2014

### Before

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 13-1572 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| CHINELO O. OPARAECHE, *Plaintiff-Appellee*, | |
| *v.* | |
| RALPH REDDY and JOHN VERIHA TRUCKING, INC., *Defendants-Appellees*. | No. 12 C 1586 Sidney I. Schenkier, *Magistrate Judge*. |
| Appeal of 'LANRE O. AMU | |

### Order

Attorney 'Lanre Amu represented Chinelo Oparaeche in making a claim arising from a collision between a semi-tractor trailer and Oparaeche's car. Oparaeche fired Amu after four months and hired new lawyers, who sued and recovered $262,500 by

---

[*] Appellees elected not to file briefs. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

settlement. Then Amu asked the magistrate judge, who had presided by mutual consent, to award him $52,500 (or at least $36,500) as a matter of *quantum meruit*. The magistrate judge thought $7,000 more appropriate, and Amu appeals. He has recently been suspended from practice by Illinois, but as far as we know this does not affect his entitlement to collect fees already earned.

Subject-matter jurisdiction is questionable. Amu assumed that the federal courts' supplemental jurisdiction covers all disputes about attorneys' fees, even when the legal work for which the fees are claimed predated the commencement of litigation. The magistrate judge took the same view, relying on decisions mentioned below. But *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), holds that disputes related to federal litigation do not automatically come within the supplemental jurisdiction. Unless a dispute is part of the same case or controversy, see 28 U.S.C. §1367(a), it needs an independent basis of jurisdiction. Oparaeche, Amu, and Oparaeche's other attorneys all are citizens of Illinois; the diversity jurisdiction, 28 U.S.C. §1332, could not support this litigation. And *Gunn v. Minton*, 133 S. Ct. 1059 (2013), adds that a dispute about legal malpractice during federal litigation is not the same case or controversy as the underlying litigation, does not arise under federal law, and therefore not only needs an independent basis of federal jurisdiction but also is not within the federal circuit's exclusive jurisdiction when the underlying litigation is a patent suit.

A number of decisions by this circuit hold that federal courts possess supplemental jurisdiction over attorneys' fee disputes related to litigation within their jurisdictions. See, e.g., *Elusta v. Chicago*, 696 F.3d 690, 694 (7th Cir. 2012); *Rissman v. Rissman*, 229 F.3d 586, 587–88 (7th Cir. 2000); see generally *Abbott Laboratories v. CVS Pharmacy, Inc.*, 290 F.3d 854, 858 (7th Cir. 2002). Opinions such as *Kokkonen* and *Gunn* suggest that our circuit's approach may need reconsideration. But this is not the occasion to revisit the subject. Amu has not addressed it, and no other litigant has filed an appellate brief. Prudence implies waiting until we can be sure that all material arguments have been considered. We shall apply the law of the circuit as it stands.

Amu's appellate brief contains offensive, ad hominem comments[*] and is not worthy of a member of the bar. The filing of similar documents is why Amu was suspended

---

[*] For example, the brief's summary of argument begins: "The only basis for Mark Solmor [one of the lawyers who replaced Amu] getting the case is that he referred plaintiff Chinelo Oparaeche to loan sharks charging approximately 70% interest loan, and Amu could not do that. Magistrate [Judge] Schenkier and Mark Solmor who are Jews are aware of the same prohibition had plaintiff been a Jew like them." The brief also asserts that the award is "unfair to Amu but generous to Solmor—a fellow Jew."

from practice in Illinois (and removed from this court's bar on December 6, 2013). We see no need to dignify his arguments with extended discussion. For the reasons given by the magistrate judge, the decision under review is sound.

AFFIRMED